UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

E-Filed
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4184-GHK (FMOx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | *Vanessa Jarvis v. JP Morgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)  Order re: Defendant's Motion to Dismiss

This matter is before us on Defendant JP Morgan Chase Bank, N.A. ("Defendant"), as successor in interest to Washington Mutual Bank's ("WaMu") Motion to Dismiss ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

Plaintiff Vanessa Jarvis ("Plaintiff") asserts four claims against Defendant for: (1) violation of the Peralta Mortgage Relief Act, California Civil Code § 2923.5; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), specifically 15 U.S.C. § 2607; and (4) violation of the California Unfair Competition Law ("UCL"), California & Business Professions Code § 17200. (Notice of Removal, Ex. 1, Compl. ¶¶ 8-27). Plaintiff entered the subject refinance loan agreement with WaMu on August 29, 2007. (*Id*. ¶¶ 3, 9). Defendant is the successor in interest to WaMu. (*Id*. ¶ 6). Defendant moves to dismiss all four claims on the basis that in the September 25, 2008 Purchase and Assumption Agreement  ("P&A Agreement") between the Federal Deposit Insurance Corporation ("FDIC") and Defendant, Defendant expressly did not assume liability for "borrower claims." (Mot. 2-5). To this end, Defendant requests that we take judicial notice of the P&A Agreement.

In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). Federal Rule of Evidence 201(b) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Ninth Circuit has explained that "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

E-Filed
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4184-GHK (FMOx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | *Vanessa Jarvis v. JP Morgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank* | | |

Defendant requests that we take judicial notice of the Office of Thrift Supervision's Order ("OTS Order") appointing the FDIC as Receiver of WaMu, which is available on OTS's website, as well as the P&A Agreement, which is available on the FDIC's website.  (Def.'s Request for Judicial Notice ["RJN"], Exs. 1-2).

Judicial notice may be taken of documents available on government websites.  *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from FDIC's official website); *Molina v. Wash. Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3-4 (S.D. Cal. Jan. 29, 2010) (taking judicial notice of same OTS Order and P&A Agreement as in instant case); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute. . . .  This includes public records and government documents available from reliable sources on the Internet.") (citation omitted).  Accordingly, the request for judicial notice is **GRANTED**.

Section 2.5 of the P&A Agreement provides in unambiguous language that "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, . . . related in any way to any loan or commitment to lend made by [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WaMu], or otherwise arising in connection with [WaMu]'s lending or loan purchase activities are specifically not assumed by the Assuming Bank."  (RJN, Ex. 2, P&A Agreement ¶ 2.5).  This means that any claim based on WaMu's lending activities cannot be brought against Defendant as it expressly did not assume any liability for borrower claims.  Here, Plaintiff alleges that Claims 2 and 3 arise out of the circumstances of the refinance loan's execution on August 9, 2007—prior to WaMu's collapse.  Both of these claims rest on alleged violations arising out of the initial lending, not out of "mortgage servicing rights and obligations."  (*See* RJN, Ex. 2, P&A Agreement § 2.1 ("[T]he Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.")).  The TILA claim is premised upon allegedly inaccurate and misleading disclosures in the TILA Disclosure Statement, and the RESPA claim is premised upon an allegation that "Defendant accepted charges for the rendering of real estate services, which were in fact charges for other than services actually performed."  (Compl. ¶¶ 16, 21).

Accordingly, the P&A Agreement bars these borrower claims as to Defendant.  The Motion is therefore **GRANTED**, and Claims 2 and 3 are **DISMISSED with prejudice**.  As we have dismissed with prejudice the only claims over which we have original jurisdiction, we hereby exercise our discretion under 28 U.S.C. § 1367(c)(3) and **REMAND** the remaining state law claims to the court from which they were removed.

**IT IS SO ORDERED.**

-- : --

E-Filed
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4184-GHK (FMOx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | *Vanessa Jarvis v. JP Morgan Chase Bank, N.A., as successor in interest to Washington Mutual Bank* | | |

Initials of Deputy Clerk          Bea